Lin v. Holder

BIA
Burr, IJ
A088 533 455

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER
FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF
APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER
IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN
ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY
ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of March, two thousand fourteen.

PRESENT:
>       JON O. NEWMAN,
>       RALPH K. WINTER,
>       ROSEMARY S. POOLER,
>             *Circuit Judges*.

_____

ZHI LIN,
>       *Petitioner*,

>       v.                                    11-3264
>                                             NAC

ERIC H. HOLDER JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent*.

_____

FOR PETITIONER:        Peter Lobel, New York, NY

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Blair T. O'Connor,
                       Assistant Director; John B. Holt,
                       Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Zhi Lin, a native and citizen of the People's Republic of China, seeks review of a July 12, 2011, order of the BIA, affirming the August 13, 2009, decision of Immigration Judge ("IJ") Sarah Burr, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhi Lin*, No. A088 533 455 (B.I.A. July 12, 2011), *aff'g* No. A088 533 455 (Immig. Ct. N.Y. City Aug. 13, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and BIA's decisions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency reasonably concluded that Lin failed to establish that the harm he suffered on account of his resistence to China's coercive family planning policy was sufficiently severe to rise to the level of past

2

persecution.  Lin testified that he sustained bruises after family planning officials beat him, but that he had visited a traditional herbalist who only needed herbs to treat his bruises, and that family planning officials permitted his family to visit him in detention and to bring him food and blankets.  *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (stating that the harm alleged must be sufficiently severe, rising above "mere harassment"); *Jian Qiu Liu v. Holder,* 632 F.3d 820, 822 (2d Cir. 2011) (holding that petitioner failed to establish persecution where "he suffered only minor bruising from an altercation with family planning officials, which required no formal medical attention and had no lasting physical effect").

Although Lin argues that, in finding that the injuries he suffered during his physical altercation with family planning officials were minor, the BIA failed to consider the context in which the mistreatment occurred, Lin's argument is unavailing.  As the BIA expressly noted, it had given special consideration to the fact that Lin had been detained and mistreated.  Moreover, although we have cautioned that "[t]he BIA must . . . be keenly sensitive to

3

the fact that a 'minor beating' or . . . any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground," *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006), the record confirms that Lin's beating occurred *prior* to his detention by family planning officials, and Lin did not allege that he was beaten or otherwise mistreated *during* his two-day detention. *See Jian Qiu Liu*, 632 F.3d at 822 (finding no error in BIA's conclusion that petitioner failed to establish past persecution where he suffered a minor beating by family planning officials "*prior* to his arrest and detention by local police").

Finally, although Lin suggests that the emotional and psychological harm that he suffered as a result of his wife's forced abortion constitutes persecution, as the IJ properly noted, Lin cannot establish persecution based solely upon his wife's forced abortion. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309-10 (2d Cir. 2007). Further, any emotional or psychological harm that Lin suffered because of his wife's abortion does not

4

constitute persecution of Lin.  *See Tao Jiang v. Gonzales*, 500 F.3d 137, 141-43 (2d Cir. 2007).

The agency also reasonably determined that Lin failed to establish a well-founded fear of future persecution on account of his resistance to China's coercive family planning policy.  *See* 8 C.F.R. § 1208.16(b)(1); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). As the agency found, Lin's testimony that he remained in China for three years following his release from detention and that his wife and son continued to live unharmed in China undermined the objective reasonableness of his claimed fear of future persecution.  *See Jiang Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (finding that absent "solid support in the record" for a petitioner's assertion that he would be persecuted under the family planning policy, his fear was "speculative at best"); *Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding that an applicant's fear of persecution was undermined when his family remained in the native country unharmed).  Finally, although Lin contends that he has a well-founded fear of future persecution because officials threatened that he would be sterilized if he violated China's family planning policy in the future, we have previously "rejected

5

[persecution] claims involving 'unfulfilled threats.'" *Gui Ci Pan v. Pan v. U.S. Att'y Gen*., 449 F.3d 408, 412 (2d Cir. 2006).

Accordingly, the agency reasonably denied Lin's application for asylum. Because he failed to meet the burden of asylum, Lin necessarily failed to meet the higher burden for withholding of removal and CAT relief, as those claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal is DISMISSED as moot.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

6